Sue E. K. Miller, plaintiff in error, *vs.* The Georgia Masonic Mutual Life Insurance Company, defendant in error.

The by-laws of a masonic insurance company provided that the death of a member was to be made known to the company by the affidavit of two respectable witnesses, the genuineness of which should be vouched for by the secretary of the lodge nearest the place of the decease, in which affidavit should be stated when, where, and how, deceased came to his death, etc.; that this proof should be laid by the president before the board of directors at their next monthly meeting, and upon their decision each member of deceased's class should be assessed $1 00. M. disappeared in November, 1869. In June, 1871, the board of directors passed a resolution declaring themselves satisfied of his death, and ordering an assessment. There is no evidence to show that the regular proof of death was ever presented:

*Held,* that the assessment should be made on those who were members of the company at the date of the aforesaid resolution, and not on such as were members at the time of the disappearance.

Corporations. Insurance. Before Judge Hill. Bibb Superior Court. April Term, 1876.

Reported in the decision.

Lanier & Anderson, Hill & Harris, for plaintiff in error.

Irvin & Gresham, for defendant.

Warner, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover the sum of $5,000 00, which the plaintiff alleged the defendant was indebted to her by reason of the death of her husband, John B. Miller, who was a member of defendant's company. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $649 00. The plaintiff made a motion for a new trial on the various grounds alleged therein, which was overruled by the court, and the plaintiff excepted.

The main controlling question in this case is, whether the recovery of the plaintiff under the defendant's charter and

by-laws, should have been baesd on the assessment of the number of members of Miller's class in November, 1869, the time of his reported disappearance, or whether the assessment should have been made on the number of members of his class in June, 1871, when, by the resolution of the board of directors of defendant the assessment was ordered to be made, the board at that time, being satisfied as to Miller's death. It appears from the evidence in the record, that in June, 1871, when the defendant became satisfied of the death of Miller, and ordered the assessment to be made, there were but six hundred and forty-nine members of his class, although there was a much larger number at the time of his reported disappearance.

By the seventh article of the by-laws of defendant, the death of a member of its company was to be made known to the company by the affidavit of two respectable witnesses, and its genuineness vouched for by the secretary of the lodge nearest the place of the decease, and shall state when, where, and how, deceased came to his death, etc. And it shall be the duty of the president to lay before the board of directors, at their regular monthly meetings, all such proofs of the deaths of members, who shall pass upon the same, and to require each and every member of the class or classes to which the deceased belonged to pay one dollar, etc. The evidence in the record does not show that the death of Miller was proven, as required by the by-laws of the defendant prior to June, 1871, when the assessment was ordered, if it was proved at all at that time. The resolution of the board of directors is as follows: "The case of brother J. B. Miller, supposed to have been murdered at Brunswick, was brought up, and his claim allowed, the board being satisfied as to his death, and assessment ordered." Whether the defendant could have resisted the payment of the plaintiff's claim for the want of the proper proof of Miller's death, if the foregoing action of its board of directors had not been taken, it is not necessary to decide; but even the action of the board of directors does not fix the time of Miller's death. Inasmuch

as the plaintiff relies on this action of the defendant's board of directors to show its liability to her for the death of Miller, the basis of her recovery should have been the number of members belonging to its company, of Miller's class, liable to be assessed at the time the defendant recognized the death of Miller and ordered the assessment to be made, and not for the number of that class which belonged to its company at the time of the reported disappearance of Miller in November, 1869, the defendant not being satisfied from the evidence then before it (the same not being such as its by-laws required) that he was dead.   The defendant is made liable, not because the death of Miller was proved in accordance with the requirements of its by-laws, but because it recognized his death in June, 1871.   Although there may have been some errors in the rulings of the court during the progress of the trial, still the verdict is right, under the evidence, and we will not disturb it.

Let the judgment of the court below be affirmed.